THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| FINESSE NIKKOL SMITH-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER L. VALENCIA et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:24-CV-437 JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, Finesse Nikkol Smith-Young, filed a civil-rights complaint under 42 U.S.C. § 1983 (2024). (ECF No. 8 (Aug. 7, 2024).) Based on Plaintiff's successful motion to proceed without prepaying the court filing fee, Plaintiff was required to pay an initial partial filing fee (IPFF) of $0.34. (ECF Nos. 1, 7, 12.) When Plaintiff failed to pay the IPFF, the Court issued an order requiring Plaintiff to show cause within thirty days why this action should not be dismissed. (ECF No. 12 (October 29, 2024).) Still, Plaintiff has never paid the IPFF or responded to the Order to Show Cause, instead filing motions for appointed counsel and copies that do not at all address the requirements to pay the IPFF. (ECF Nos. 12, 14-15.)

**MOTION FOR APPOINTED COUNSEL**

The Court analyzes Plaintiff's motion for appointment of counsel. (ECF No. 14.) "As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint counsel; still, federal statute

authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge.[1] *See* 28 U.S.C. § 1915(e)(1) (2024) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining that when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Plaintiff has the burden of convincing the Court that her claim has enough merit to warrant such a request of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). But "[i]t is not enough" for Plaintiff to argue that she needs help "in presenting [her] strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent Plaintiff at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the

---

[1]The Tenth Circuit has noted:
> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies Plaintiff's motion for appointed counsel.

## ORDER

**IT IS ORDERED** as follows:

**(1)** Plaintiff's motion for appointed counsel is **DENIED**. (ECF No. 14.)

**(2)** As a one-time courtesy, Plaintiff's motion for copies is **GRANTED**. (ECF No. 15.) The Clerk of Court shall mail Plaintiff copies of Plaintiff's civil cover sheet and amended complaint. (ECF Nos. 6-1, 8-1.) Plaintiff should bear in mind for the future that, if Plaintiff wants copies of documents that Plaintiff files, Plaintiff must make copies before sending the documents to the Court, even if those copies must be made by hand.

**(3)** Plaintiff's complaint is **DISMISSED** without prejudice; Plaintiff has neither paid the required initial partial filing fee nor properly prosecuted this case.

DATED December 23, 2024.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge